UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH KELLY HAWTHORNE,<br><br>        Petitioner,<br><br>    v.<br><br>C. WOFFORD, et al.,<br><br>        Respondents. | Case No. 1:13-cv-01158-LJO-SKO-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURSIDCTION (D0C. 1), DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DIRECT THE CLERK TO CLOSE THE CASE<br><br>**OBJECTIONS DEADLINE:**<br>**THIRTY (30) DAYS** |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is the petition, which was filed on July 26, 2013.

    I.   <u>Screening the Petition</u>

    Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears

1

1  from the petition and any attached exhibits that the petitioner is
2  not entitled to relief in the district court...." Habeas Rule 4;
3  O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also
4  Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule
5  2(c) requires that a petition 1) specify all grounds of relief
6  available to the Petitioner; 2) state the facts supporting each
7  ground; and 3) state the relief requested.  Notice pleading is not
8  sufficient; the petition must state facts that point to a real
9  possibility of constitutional error.  Rule 4, Advisory Committee
10 Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting
11 Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)).  Allegations in
12 a petition that are vague, conclusory, or palpably incredible are
13 subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d at
14 491.
15      The Court may dismiss a petition for writ of habeas corpus
16 either on its own motion under Habeas Rule 4, pursuant to the
17 respondent's motion to dismiss, or after an answer to the petition
18 has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976
19 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir.
20 2001).  However, a petition for habeas corpus should not be
21 dismissed without leave to amend unless it appears that no tenable
22 claim for relief can be pleaded were such leave granted. Jarvis v.
23 Nelson, 440 F.2d 13, 14 (9th Cir. 1971).
24      Here, Petitioner is an inmate of the Avenal State Prison
25 located in Avenal, California, which is within this district.
26 Petitioner alleges that he suffered a violation of his rights to due
27 process of law and to access to the courts when prison staff
28 declined requests for medical accommodations for hearing impairment

in both ears, dyslexia, and an injured foot, and then failed to process his administrative appeals regarding accommodations for his disabilities. Petitioner requests that this Court direct the warden and other respondents in the prison system to comply with the regulations for processing of appeals, find that Petitioner has exhausted administrative remedies, and direct prison authorities to investigate and process his appeals, including related administrative procedures. Petitioner also seeks a writ of mandate or prohibition directing the warden to process his appeal concerning inadequate accommodation of his disabilities.

II. Conditions of Confinement

This Court has a duty to determine its own subject matter jurisdiction, and lack of subject matter jurisdiction can be raised on the Court's own motion at any time. Fed. R. Civ. P. 12(h)(3); CSIBI v. Fustos, 670 F.2d 134, 136 n.3 (9th Cir. 1982) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511-512 (1973)).

A court will not infer allegations supporting federal jurisdiction. A federal court is presumed to lack jurisdiction and federal subject matter jurisdiction must always be affirmatively alleged. Fed. R. Civ. P. 8(a); Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989).

A federal court may only grant a state prisoner's petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th

3

1  Cir. 1991) (quoting <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 485 (1973));
2  Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.  In
3  contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the
4  proper method for a prisoner to challenge the conditions of that
5  confinement.  <u>McCarthy v. Bronson</u>, 500 U.S. 136, 141 42 (1991);
6  <u>Preiser</u>, 411 U.S. at 499; <u>Badea</u>, 931 F.2d at 574; Advisory Committee
7  Notes to Habeas Rule 1, 1976 Adoption.
8       With respect to prison disciplinary proceedings, a
9  constitutional claim concerning the application of rules
10 administered by a prison or penal administrator challenging the
11 duration of a sentence is a cognizable claim of being in custody in
12 violation of the Constitution pursuant to 28 U.S.C. §2254.  <u>See,</u>
13 <u>e.g., Superintendent v. Hill</u>, 472 U.S. 445, 454 (1985) (determining
14 a procedural due process claim concerning loss of time credits
15 resulting from disciplinary procedures and findings).  The Supreme
16 Court has held that challenges to prison disciplinary adjudications
17 that have resulted in a loss of time credits must be raised in a
18 federal habeas corpus action and not in a § 1983 action because such
19 a challenge is to the very fact or duration of physical
20 imprisonment, and the relief sought is a determination of
21 entitlement of immediate or speedier release.  <u>Preiser v. Rodriguez</u>,
22 411 U.S. 475, 500.  Thus, such claims are within the core of habeas
23 corpus jurisdiction.
24      Habeas jurisdiction may arise in suits that do not fall within
25 the core of habeas corpus.  <u>Bostic v. Carlson</u>, 884 F.3d 1267 (9th
26 Cir. 1989) (expungement of disciplinary finding likely to accelerate
27 eligibility for parole); <u>Docken v. Chase</u>, 393 F.3d 1024 (9th Cir.
28 2004) (claim challenging the constitutionality of the frequency of

parole reviews, where the prisoner was seeking only equitable relief, was held sufficiently related to the duration of confinement). However, relief pursuant to § 1983 remains an appropriate remedy for claims concerning administrative decisions made in prison where success would not necessarily imply the validity of continuing confinement. <u>Docken v. Chase</u>, 393 F.3d at 1030 (<u>see</u> <u>Neal v. Shimoda</u>, 131 F.3d 818 (9th Cir. 1997), holding that § 1983 suit is an appropriate remedy for challenges to conditions which do not necessarily imply the invalidity of continuing confinement); <u>see</u> <u>also</u> <u>Ramirez v. Galaza</u>, 334 F.3d 850, 852, 858 (9th Cir. 2003).

    Here, Petitioner's claims do not relate to or affect the duration of his confinement -- they concern only the conditions of his confinement. Petitioner has submitted documentation of his attempts to exhaust administrative remedies with respect to his claims, but neither Petitioner's express allegations nor the submissions contain specific facts that demonstrate that as a result of the challenged procedures, the legality or duration of Petitioner's confinement, as distinct from the conditions of his confinement, was affected. Thus, the Court concludes that it lacks subject matter jurisdiction in habeas corpus over the petition.

    III.  <u>Writ of Mandamus or Prohibition</u>

    To the extent that Petitioner seeks this Court to issue an order in the nature of mandamus to the warden concerning Petitioner's administrative remedy in prison, Petitioner has not alleged facts showing jurisdiction in this Court.

    Title 28 U.S.C. § 1361 confers upon the district courts original jurisdiction of any action in the nature of mandamus, but

5

it is limited to mandamus "to compel an officer or employee of the United States or any agency thereof" to perform a duty owed to the petitioner. 28 U.S.C. § 1361. Although 28 U.S.C. § 1651 provides that all courts established by Act of Congress "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law," the courts lack subject matter jurisdiction to issue a writ of mandamus to a state employee. See, Demos v. United States District Court for the E. Dist. of Wash., 925 F.2d 1160, 1161-62 (9th Cir. 1991) (state court).

Further, Petitioner fails to state any basis for subject matter jurisdiction in this Court. He does not assert any right arising under federal statute, treaty, or the Constitution that would confer jurisdiction pursuant to 28 U.S.C. § 1331. In sum, Petitioner's citation to state statutes and regulations fails to state a basis for federal jurisdiction. Accordingly, Petitioner has failed to state a basis for jurisdiction in this Court.

IV. Remedy

Because Petitioner has already submitted complete documentation of the challenged process, if leave to amend were granted, Petitioner could not allege a tenable claim relating to the legality or duration of his confinement. Accordingly, Petitioner's habeas petition should be dismissed without leave to amend.

Although the Court lacks habeas corpus jurisdiction over the claims concerning conditions of confinement, the Court could construe Petitioner's claims as a civil rights complaint brought pursuant to 42 U.S.C. § 1983. See, Wilwording v. Swenson, 404 U.S. 249, 251 (1971). The Court, however, declines to construe the

6

petition as a civil rights complaint because of various differences in the procedures undertaken in habeas proceedings on the one hand, and civil rights actions on the other.

First, if the petition were converted to a civil rights complaint, Petitioner would be obligated to pay the $350 filing fee for a civil action, whether in full or through withdrawals from his prison trust account in accordance with the availability of funds. 28 U.S.C. §§ 1914, 1915(b).  The dismissal of this action at the pleading stage would not terminate Petitioner's duty to pay the $350 filing fee.  Here, the petition was not accompanied by the $350 filing fee or an authorization by Petitioner to have payments deducted from his trust fund account.  Although Petitioner refers to a trust account authorization, it is in the context of a request for time to obtain such an authorization.  (Doc. 1, 19.)

Further, 42 U.S.C. § 1997e(a) provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  This provision requires exhaustion "irrespective of the forms of relief sought and offered through administrative avenues."  Booth v. Churner, 532 U.S. 731, 741 n.6 (2001).  Here, the completion of administrative remedies is in question, and the issue provides the basis of a claim.

Additionally, Petitioner fails to identify the capacity in which the named respondent would be sued for purposes of a civil rights claim, which is critical to the issue of sovereign immunity. Finally, if the petition were converted to a civil rights complaint, the Court would be obligated to screen it pursuant to the screening

7

provisions of the Prisoner Litigation Reform Act of 1995.  28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).  It is not clear that all of Petitioner's allegations state civil rights claims.  If the pleading ultimately were dismissed for failure to state a claim upon which relief may be granted, such a dismissal could count as a "strike" against Petitioner for purposes of 28 U.S.C. § 1915(g) and any future civil rights action he might bring.

On the basis of the foregoing analysis, it is concluded that it is appropriate to dismiss the petition without prejudice so that Petitioner himself may determine whether or not he wishes to raise his present claims through a properly submitted civil rights complaint.

### V. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right.  § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the

denial of a constitutional right, or (2) the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right and no certificate of appealability should issue.

V.  Recommendations

Accordingly, it is RECOMMENDED that:

1) The petition for writ of habeas corpus be DISMISSED without prejudice for lack of subject matter jurisdiction; and

2) The Court DECLINE to issue a certificate of appealability; and

3) The Clerk be DIRECTED to close the action because the dismissal terminates it in its entirety.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the

9

provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 15, 2013**              /s/ Sheila K. Oberto
                                                              UNITED STATES MAGISTRATE JUDGE